NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UZOMA IGBONWA, | No. 19-15121 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-02027-JCS |
| v. | |
| FACEBOOK, INC.; MARK ZUCKERBERG, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding[**]

Submitted November 18, 2019[***]

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Uzoma Igbonwa appeals pro se from the district court's judgment dismissing

his diversity action alleging negligence, defamation, discrimination, and breach of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

contract.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Doe v. Internet Brands, Inc.*, 824 F.3d 846, 849 (9th Cir. 2016).  We may affirm on any basis supported in the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).

The district court properly dismissed Igbonwa's negligence, defamation, and discrimination claims as barred by Section 230 of the Communications Decency Act because interactive computer service providers are immune under the Act from civil liability from claims premised upon the provider's role as "the publisher or speaker of any information provided by another information content provider." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100-01 (9th Cir. 2009).

Dismissal of Igbonwa's breach of contract claim was proper because Igbonwa failed to allege facts sufficient to show that defendants violated any provision in the Terms of Service.  *See Hamilton v. Greenwich Investors, XXVI, LLC*, 126 Cal. Rptr. 3d 174, 183 (Ct. App. 2011) (setting forth required elements to state a claim for breach of contract).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**